# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joanne Caldiero, *individually and on behalf of all others similarly situated* | |
| *Plaintiff,* | CIVIL ACTION |
| v. | Case No. 3:24-cv-00315-JKM |
| Missouri Higher Education Loan Authority, KeyBank National Association d/b/a Laurel Road, and Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing, | (U.S.D.J. Julia K. Munley) |
| *Defendants.* | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MOHELA'S MOTION TO DISMISS UNDER RULES 9(b) AND 12(b)(6)

Thomas F. Burke (PA 320311)
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
T: 215.665.8500
burket@ballardspahr.com

Matthew D. Guletz (*admitted pro hac vice*)
**THOMPSON COBURN LLP**
 mguletz@thompsoncoburn.com
One US Bank Plaza
St. Louis, MO 63101
Telephone: 314-552-6000

*Counsel for Defendant Higher Education Loan Authority of the State of Missouri*

# **TABLE OF CONTENTS**

**Page**

I. **PRELIMINARY STATEMENT** ................................................................. 1

II. **ARGUMENT** ............................................................................................. 2

    A.    The Complaint fails to satisfy Rule 9(b). ........................................... 2

        1.    The Rule 9(b) pleading standard applies to Caldiero's claims. ............................................................................... 2

            a.    Caldiero possesses the relevant information because she was party to the communications at issue. .............................................................. 3

            b.    Compliance with Rule 9(b) is not excused merely because Defendants might also possess relevant information. ................................................... 6

            c.    Caldiero's UTPCPL claim sounds in fraud. .................... 7

        2.    The Complaint does not satisfy the Rule 9(b) standard............ 8

            a.    Caldiero's failure to identify details regarding the misrepresentations that caused her to refinance her loans is fatal to her claims. ............................... 8

        3.    Allegations detailing communications after the 2018 refinancing are irrelevant to Caldiero's injury and ability to satisfy Rule 9(b). ................................................. 10

        4.    Caldiero has not alleged sufficient facts to assert a claim premised on omission-based fraud. ......................................... 11

    B.    Caldiero's RICO claim fails because she has not alleged a "pattern of predicate acts." .......................................................... 13

        1.    Caldiero's allegations regarding other victims are too conclusory to establish open-ended continuity........................ 13

        2.    The only acts that can satisfy the causation standard occurred within too short a period to establish closed-ended continuity................................................................... 15

III. **CONCLUSION** ........................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A Pocono Country Place, Inc. v. Peterson*,
    675 F. Supp. 968 (M.D. Pa. 1987).......................................................................9

*Aetna v. Health Diagnostic Lag, Inc.*,
    No. 15-1868, 2015 U.S. Dist. LEXIS 172003 (E.D. Pa. Dec. 28,
    2015) .................................................................................................................10

*Bernstein v. IDT Corp.*,
    582 F. Supp. 1079 (D. Del. 1984).......................................................................3

*Butakis v. NVR, Inc.*,
    668 F. Supp. 3d 349 (E.D. Pa. 2023)...................................................................7

*In re Calpine Corp. Erisa Litig.*,
    No. C 03-1685-SBA, 2005 U.S. Dist. LEXIS 34452 (N.D. Cal.
    Dec. 5, 2005)......................................................................................................4

*Capital Investments Funding, LLC v. Lancaster Res., Inc.*,
    No. 08-4714 (JLL) (JAD), 2015 U.S. Dist. LEXIS 24453 (D.N.J.
    Feb. 27, 2015) .........................................................................................3, 4, 5, 15

*Catalus Capital USVI, LLC v. ServiceMasterCo.*,
    LLC, No. 2017-17, 2019 U.S. Dist. LEXIS 43391 (D.V.I. Mar. 18,
    2019) .................................................................................................................12

*Craftmatic Sec. Litig v. Kraftsow*,
    890 F.2d 628 (3d Cir. 1989) .......................................................................3, 4, 5

*Goren v. New Vision Int'l*,
    156 F. 3d 721 (7th Cir. 1998) ...........................................................................15

*Grant v. Turner*,
    505 Fed. Appx. 107 (3d Cir. 2012)......................................................................6

*H.J., Inc. v. Northwestern Bell Tel. Co.*,
    492 U.S. 229 (1989).....................................................................................13, 15

*Hemi Group, LLC v. City of New York*,
    559 U.S. 1 (2010)............................................................................11, 15

*Katz v. Deluca*,
    No. 10-6401, 2024 U.S. Dist. LEXIS 87834 (E.D. Pa. May 13,
    2024) ........................................................................................................14

*Kirwin v. Sussman Auto.*,
    149 A.3d 333 (Pa. Super. Ct. 2016)........................................................11

*Kyko Global, Inc. v. Prithvi Info. Sols. Ltd.*,
    No. 2:18-cv-01290-WSS, 2020 U.S. Dist. LEXIS 118043 (W.D.
    Pa. July 6, 2020) .......................................................................................5

*Lickman v. Rivkin*,
    No. 3:05cv1793, 2006 U.S. Dist. LEXIS 41440 (M.D. Pa. June 21,
    2006) ........................................................................................................14

*Mason v. Threshman*,
    No. 3:12cv259, 2012 U.S. Dist. LEXIS 121093 (M.D. Pa. Aug. 27,
    2012) ..........................................................................................................8

*N. Am Communs., Inc. v. InfoPrint Solutions Co., LLC*,
    817 F. Supp. 2d 642 (W.D. Pa. 2011).......................................................6

*Pennsylvania v. Navient Corp.*,
    354 F. Supp. 3d 529 (M.D. Pa. 2018)........................................................8

*Prudential Ins. Co. of Am. v. Credit Suisse Secs. LLC*,
    No. 12-7242 (KSH), 2013 U.S. Dist. LEXIS 142191 ..............................10

*Rapid Circuits, Inc. v. Sun Nat'l Bank*,
    No. 10-6401, 2011 U.S. Dist. LEXIS 47231 (3d Cir. 2010) ...................14

*Robinson v. GM LLC*,
    No. 20-663-RGA-SRF, 2021 U.S. Dist. LEXIS 134320 (D. Del.
    July 19, 2021)...........................................................................................11

*Rose v. Bartle*,
    871 F.2d 331 (3d Cir. 1989) ....................................................................12

*In re Rutter's Inc. Data Sec. Breach Litig.*,
    511 F. Supp. 3d 514 (M.D. Pa. 2021).........................................................7

*Schnell v. Bank of N.Y. Mellon*,
    828 F. Supp. 2d 798 (E.D. Pa. 2011) ..................................................................7

*Silverstein v. Percudani*,
    207 Fed. Appx. 238 (3d Cir. 2006) ....................................................................8

*Strayer v. Bare*,
    No. 1:06cv2068, 2008 U.S. Dist. LEXIS 34503 (M.D. Pa. Apr. 28,
    2008) ....................................................................................................................2

## Statutes

Pennsylvania Unfair Trade Practices Consumer Protection Law ...............2, 7, 8, 11

Racketeer Influenced and Corrupt Organizations Act ....................................*passim*

## Other Authorities

Fed. R. Civ. P. 9(b) ......................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ..................................................................................14, 16

Federal Student Aid, Public Service Loan Forgiveness (PSLF), *availa-
ble at* https://studentaid.gov/manage-loans/forgiveness-cancella-
tion/public-service (last accessed June 19, 2024) .............................................12

## I.   PRELIMINARY STATEMENT

Plaintiff Joanne Caldiero's opposition to Defendant Higher Education Loan Authority of the State of Missouri (MOHELA)'s motion to dismiss attempts to persuade this Court that this case presents a wide-ranging civil RICO conspiracy rather than what it actually is—a single-plaintiff dispute over what was said on two phone calls between Caldiero and Defendants in 2018. Caldiero contends that for various reasons, her Complaint need not satisfy the obligation to plead fraud with particularity under Rule 9(b), but those arguments all fail for the simple reason that Caldiero cannot escape her obligation to plead—with particularity—the details surrounding the unsubstantiated oral statements allegedly made *to her*. Nor can she satisfy that obligation by offering details about communications made years *after* the conversations at issue, because the harm at issue—her loss of eligibility for Public Service Loan Forgiveness (PSLF)—happened in 2018 and was irreversible from that point forward.

Caldiero's efforts to preserve her RICO claim also fail because the Complaint does not satisfy the RICO "continuity" standard. The representations that allegedly caused Caldiero's injury occurred over the course of a few months, which is an insufficient period to establish closed-ended continuity. Caldiero cannot artificially extend that window based on later communications that did not cause any alleged harm. Further, Caldiero's allegations about other hypothetical victims of the alleged

conspiracy amount to mere speculation, which cannot establish open-ended continuity.

For these reasons, set forth more fully below, the Court should dismiss the Complaint as to all claims asserted against MOHELA.

## II.   ARGUMENT

### A.   The Complaint fails to satisfy Rule 9(b).

#### 1.   The Rule 9(b) pleading standard applies to Caldiero's claims.

As Caldiero admits, to satisfy the Rule 9(b) pleading standard, "[t]he plaintiff must either plead the 'date, place or time' of the fraud, or use 'alternative means of injecting precision and some measure of substantiation into their allegation of fraud." Doc. No. 42, Plaintiffs' Omnibus Response in Opposition to Defendants' Motions to Dismiss (Opp.) at 13 (quoting *Strayer v. Bare*, No. 1:06cv2068, 2008 U.S. Dist. LEXIS 34503, at *5 (M.D. Pa. Apr. 28, 2008)). Caldiero has not satisfied this standard. Perhaps recognizing this, she claims that the standard should be "relaxed" because (1) Defendants exclusively possess the relevant information, (2) she speculates that Defendants possess records with the details she fails to allege, and (3) her Pennsylvania Unfair Trade Practices Consumer Protection Law (UTPCPL) claim alleges "deception" rather than "fraud." Opp. at 13, 18, 37. None of these arguments excuse her failure to satisfy Rule 9(b).

Relatedly, Caldiero selectively quotes *Bernstein v. IDT Corp.*, 582 F. Supp. 1079, 1085 (D. Del. 1984)—an aged, non-binding district court decision—to erroneously suggest that motions to dismiss "should be granted very sparingly" in RICO cases based on lowered pleading standards. Opp. at 6. In *Bernstein*, however, the plaintiff had "set forth the facts alleged to constitute the RICO conspiracy with considerable detail as to time, place, object, and accomplishment." 582 F. Supp. at 1084. Thus, the *Bernstein* court found that the pleadings *had* satisfied the particularity standard, and simply acknowledged that certain information beyond the required minimum need not be averred in the complaint. *Id.* at 1084. *Bernstein* is of no help to Caldiero here because she has failed to meet that minimum standard.

### a. Caldiero possesses the relevant information because she was party to the communications at issue.

Caldiero argues that Rule 9(b)'s pleading standard should be "relaxed" because "factual information is peculiarly within the defendant's knowledge or control." Opp. at 13 (quoting *Craftmatic Sec. Litig v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989)). That rule, however, does not apply here because Caldiero's claims are based on statements allegedly made *to her*, Compl. ¶¶ 38, 40, and that information is self-evidently not exclusively within Defendants' possession.

In *Capital Investments Funding, LLC v. Lancaster Res., Inc.*, No. 08-4714 (JLL) (JAD), 2015 U.S. Dist. LEXIS 24453 (D.N.J. Feb. 27, 2015), the borrower

plaintiff asserted mail and wire fraud RICO claims based on representations alleg-edly made by a lender. *Id.* at *18-19. Like Caldiero, the plaintiff:

> d[id] not provide any details regarding the content of [the] alleged mis-representations…. [and] as Defendants allegedly made those misrepre-sentations to Plaintiff itself, Plaintiff cannot legitimately contend that the details necessary to comply with Rule 9(b) are uniquely in Defend-ants' possession. **Put another way, if, as Plaintiff alleges, various De-fendants made promises and representations to Plaintiff regarding [the loans], Plaintiff must necessarily know who made the prom-ises/representations, as well as the time, date and general contents of those statements.** Plaintiff is therefore obligated to comply with the heightened pleading standard set forth in Rule 9(b)[.]

*Id.* (emphasis added). In other words, where allegations "concern misrepresentations that Defendants allegedly made directly to Plaintiff … the details of those commu-nications would necessarily be available to Plaintiff." *Id.* (dismissing complaint for failing to plead fraud with particularity) (emphasis added). *See also In re Calpine Corp. Erisa Litig.*, No. C 03-1685-SBA, 2005 U.S. Dist. LEXIS 34452, at *24 (N.D. Cal. Dec. 5, 2005) ("[S]ince Plaintiff has alleged that [] he was the *recipient* of the allegedly misleading statements, then Plaintiff should, at the very least, be able to identify with specificity [the required information to satisfy 9(b)].")

Moreover, despite Caldiero's reliance on *Craftmatic*, she does not satisfy even the lowered standard it sets, which requires that "[u]nder a flexible application of Rule 9(b) . . . plaintiffs must accompany their allegations with facts indicating why the charges against defendants are not baseless and why additional information lies exclusively within defendants' control." *Craftmatic Sec. Litig.*, 890 F.2d at 646

4

(finding complaint failed to satisfy particularity standard). *See also Kyko Global, Inc. v. Prithvi Info. Sols. Ltd.*, No. 2:18-cv-01290-WSS, 2020 U.S. Dist. LEXIS 118043, at *26 (W.D. Pa. July 6, 2020) ("The rule from [] *Craftmatic* is that when a plaintiff seeks a flexible application of Rule 9(b), its complaint must delineate at least the nature and scope of plaintiffs' effort to obtain, before filing the complaint, the information needed to plead it with particularity.") (internal quotations omitted); *Capital Inv. Funding, LLC* 2015 U.S. Dist. LEXIS 24453, at *15–16 (D.N.J. Feb. 27, 2015) ("A litigant may not [] remain idle and still expect to use 'relaxed' pleading requirements to shield its fraud claims from the stringent requirements of Rule 9(b). Rather, plaintiffs must allege that, despite their best efforts, the specific information necessary to satisfy Rule 9(b) is truly beyond their reach.")

The Complaint is devoid of credible allegations that Defendants exclusively possess—or that Caldiero sought to obtain—the information missing from the Complaint, including information about the individuals who made the alleged misrepresentations, the means of communication used, the details of the communications, or even the month in which the communications were made. Because Plaintiff had access to that information, which is required under Rule 9(b), yet failed to provide it, this Court should dismiss the Complaint on that basis.

5

### b. Compliance with Rule 9(b) is not excused merely because Defendants might also possess relevant information.

Caldiero also contends that she provided Defendants enough information "to mount a defense on the facts" by simply providing her name "in the context of the allegations made[.]" Opp. at 18. This is not true, and even if it were, a plaintiff's obligations under Rule 9(b) are not so easily overcome.

Caldiero cites no case to support that a plaintiff's obligation to plead fraud with particularity is satisfied merely because a defendant might have business records bearing on the transaction that it could review. In fact, the case law indicates otherwise. *See N. Am Communs., Inc. v. InfoPrint Solutions Co., LLC*, 817 F. Supp. 2d 642, 650 (W.D. Pa. 2011) ("[P]laintiff is required to reveal the specified information within his control.") (quotation marks omitted)). An essential "purpose of the heightened pleading standard in [Rule] 9(b) is to 'place the defendants on notice of the precise misconduct with which they are charged[.]'" *Grant v. Turner*, 505 Fed. Appx. 107, 111 (3d Cir. 2012) (emphasis added). Rule 9(b) therefore entitles Defendants to understand what *Plaintiff alleges* occurred. Referring Defendants to their own records of the relevant interactions—to the extent such interactions occurred and such records exist—is a wholly inadequate substitute.[1]

---

[1]   Plaintiff repeatedly faults Defendants for not providing her with certain documentation, and implies that such documentation does not exist. *See, e.g.*, Opp. at 12, 18–19, 36. In fact, as the developed record will eventually show,

### c.   Caldiero's UTPCPL claim sounds in fraud.

In a final effort to evade the particularity standard, Caldiero endeavors to re-cast her UTPCPL claim as one "alleging deceptive, as opposed to fraudulent, conduct," which she asserts is subject only to the normal pleading standard. Opp. at 37 (quoting *In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 540 (M.D. Pa. 2021)). The problem is that Caldiero's UTPCPL claim is premised on allegations of fraud, not deception. Rule 9(b) applies to any claim that "sound[s] in putatively fraudulent activity *or representations*." *Butakis v. NVR, Inc.*, 668 F. Supp. 3d 349, 359 (E.D. Pa. 2023) (emphasis added). In *In re Rutter's*, the Plaintiffs "[did] not allege that [Defendant] engaged in fraudulent conduct[,]" and instead relied on the UTPCPL's catch-all provision to merely allege a deceptive act. 511 F. Supp. 3d at 540.  By contrast, Caldiero's UTPCPL claim does not rely on the catch-all provision, and alleges that Defendants made misrepresentations with the *intent* of causing her to lose PSLF eligibility. While an act may be deceptive when it "creates a likelihood of confusion or misunderstanding," *Schnell v. Bank of N.Y. Mellon*, 828 F. Supp. 2d 798, 806 (E.D. Pa. 2011), claims alleging "a knowing misrepresentation of a fact by

---

Defendants did provide Plaintiff with documentation accurately detailing the nature of the refinancing, including disclosures and explanations that Plaintiff would lose access to federal benefits such as PSLF in light of her consolidation into a private loan. Defendants will produce that documentation at an appropriate time if needed.

one party which induced another party to act or fail to act" sound in fraud. *Mason v. Threshman*, No. 3:12cv259, 2012 U.S. Dist. LEXIS 121093, at *11 (M.D. Pa. Aug. 27, 2012). Caldiero's UTPCPL claim (which she makes no attempt to distinguish from her mail- and wire-fraud RICO claims) sounds in fraud, and must satisfy the particularity standard.[2]

### 2.   The Complaint does not satisfy the Rule 9(b) standard.

#### a.   Caldiero's failure to identify details regarding the misrepresentations that caused her to refinance her loans is fatal to her claims.

Despite her efforts to escape the pleading standard, Caldiero acknowledges that her allegations must identify "the date, place or time of the fraud, or use alternative means of injecting precision and some measure of substantiation into their allegation fraud," and must "allege who made a representation to whom and the general content of the misrepresentation." Opp. at 17. Because she alleges Defendants' misrepresentations via the mail and wires caused her injury, Caldiero must allege sufficient details about those misrepresentations to satisfy the particularity standard. *See Silverstein v. Percudani*, 207 Fed. Appx. 238, 240 (3d Cir. 2006) (affirming

---

[2]    Caldiero's citation to *Pennsylvania v. Navient Corp.*, Opp. at 36, is irrelevant to her failure to satisfy Rule 9(b). Among other differences,  the defendants in *Navient* did not challenge the complaint's sufficiency under Rule 9(b). *Pennsylvania v. Navient Corp.*, 354 F. Supp. 3d 529, 540-41 (M.D. Pa. 2018). The fact that the *Navient* complaint survived a motion to dismiss has no bearing on whether Caldiero has alleged fraud with sufficient particularity here.

dismissal of wire fraud and mail fraud claims because complaint failed to specify which individuals plaintiff "met with, on what dates, and what specific misrepresentations were made").

Caldiero, however, contends she must plead only facts "as to the *fraudulent scheme itself* and not necessarily the individual acts of fraud." Opp. at 14 (quoting *A Pocono Country Place, Inc. v. Peterson*, 675 F. Supp. 968, 973 (M.D. Pa. 1987)). There, the plaintiffs brought a RICO claim premised on numerous fraudulent acts including forging signatures on contracts and inducing third parties to enter into real-estate transactions that would have the effect of defrauding plaintiffs. *Id*. at 972. The court held that "plaintiffs adequately satisf[ied] the requirements of Rule 9(b) by listing the allegedly fraudulent documents, the dates they were executed and the properties to which they apply." *Id*. The fraudulent acts, such as forgery, were distinct from the mailings and telephone calls, so it was sufficient for the plaintiffs to allege only the forgery with particularity. *Id*. Here, the alleged fraudulent acts were oral statements made in telephone calls, and the details of those calls must be pleaded with particularity.[3]

---

[3]    Notably, Caldiero's opposition cites no authority to support the proposition that a claim premised on fraudulent misrepresentations can survive a motion to dismiss when it fails to identify the individual who made the misrepresentation other than as an agent of defendants.

Neither of Caldiero's other authorities on this point, Opp. at 17, are apposite, because neither permitted a complaint to survive a motion to dismiss where the plaintiff failed to plead adequate facts despite having access to those facts. *See Aetna v. Health Diagnostic Lag, Inc.*, No. 15-1868, 2015 U.S. Dist. LEXIS 172003, at *11 (E.D. Pa. Dec. 28, 2015) (finding complaint sufficiently alleged fraud where plaintiff did not possess information pertaining to interactions between defendants and third parties because "[t]o require anything more at this stage … would essentially turn this into discovery"); *Prudential Ins. Co. of Am. v. Credit Suisse Secs. LLC*, No. 12-7242 (KSH), 2013 U.S. Dist. LEXIS 142191, at *55–56 (plaintiffs satisfied Rule 9(b) by providing detail about defendants' respective roles in the fraud *in addition to* an exhibit detailing information about the fraudulent transactions) ("To be sure, Fed. R. Civ. P. 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'") (internal quotations omitted).

Here, because the allegations in the Complaint pertaining to oral representations that allegedly caused Caldiero to refinance her loans lack the requisite particularity, the Complaint is insufficient as a matter of law and should be dismissed.

### 3. Allegations detailing communications after the 2018 refinancing are irrelevant to Caldiero's injury and ability to satisfy Rule 9(b).

Causation is an element of each of Caldiero's claims. In order to satisfy causation for her RICO claims, Caldiero must "show that a RICO predicate offense not

10

only was a 'but for' cause of his injury, but was the proximate cause as well." *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010). Caldiero's UTPCPL claim also requires that she show that misrepresentations on which she justifiably relied caused her injury. *Kirwin v. Sussman Auto.*, 149 A.3d 333, 336 (Pa. Super. Ct. 2016).

Caldiero's alleged harm—her loss of PSLF eligibility—occurred when she refinanced her loans in 2018. This refinancing was irreversible, and therefore no representations made after 2018 can have any causal relationship to the alleged loss. *See* Consumer Financial Protection Bureau, Should I consolidate or refinance my student loans?, *available at* https://www.consumerfinance.gov/ask-cfpb/should-i-consolidate-refinance-student-loans-en-561/ (last accessed June 19, 2024) ( "[R]efinancing your federal student loan into a private student loan . . . cannot be reversed").

In her opposition, Caldiero does not explain how communications in 2023 caused her to lose eligibility for PSLF. Absent a causal connection to her injury, Caldiero's allegations regarding post-2018 communications are irrelevant to whether the Complaint satisfies Rule 9(b).

### 4. Caldiero has not alleged sufficient facts to assert a claim premised on omission-based fraud.

Caldiero's fraud-by-omission theory suffers from the same defects as her allegations of affirmative misrepresentations. Even omission-based fraud allegations "must satisfy Rule 9(b) by pleading the who, what, when, where, and how of the alleged omission." *Robinson v. GM LLC*, No. 20-663-RGA-SRF, 2021 U.S. Dist.

LEXIS 134320, at *13 (D. Del. July 19, 2021). That includes where plaintiff avers that the defendant owed a duty to disclose the omitted information. *Catalus Capital USVI, LLC v. ServiceMasterCo.*, LLC, No. 2017-17, 2019 U.S. Dist. LEXIS 43391, at *10 (D.V.I. Mar. 18, 2019).

In response, Caldiero cites to *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989), which required only that the plaintiffs "specify the nature of the predicate acts to a degree that will allow the defendants to comprehend the specific acts to which they are required to answer." *Id.* at 363. But the standard articulated in *Rose* is inapplicable here because in that case, "the plaintiffs allege[d] no mail, wire or other fraud … and therefore [were] not required to adhere to the higher pleading standard … mandated by Fed. R. Civ. P. 9(b)." *Id.* at 356 n.33.

Caldiero further argues that omission-based fraud can occur without the existence of a *fiduciary* duty, Opp. at 19–20, which is accurate, but Caldiero has not pleaded details upon which to conclude that *any* duty to disclose existed. The fact that private loans are ineligible for PSLF was not uniquely known to Defendants, and in fact has been a matter of public record in the form of statutes, regulations, and related federal guidance for years. *See, e.g.,* Federal Student Aid, Public Service Loan Forgiveness (PSLF), *available at* https://studentaid.gov/manage-loans/forgiveness-cancellation/public-service (last accessed June 19, 2024). Because

Caldiero fails to explain the source of Defendants' purported duty to disclose, her omission-based fraud claim fails.

### B.   Caldiero's RICO claim fails because she has not alleged a "pattern of predicate acts."

To establish a RICO claim, Caldiero must allege predicate acts that satisfy the "continuity" requirement—either open-ended ("past conduct that by its nature projects into the future with a threat of repetition") or closed-ended ("a closed period of repeated conduct"). *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241 (1989). Because she is unable to do so based only on the two communications that purportedly caused her to refinance her loans, Caldiero attempts to satisfy open-ended continuity with reliance on conclusory speculation about the existence of other alleged victims, and closed-ended continuity with allegations about communications that were unrelated to her decision to refinance. Neither approach can salvage Caldiero's RICO claim.

### 1.   Caldiero's allegations regarding other victims are too conclusory to establish open-ended continuity.

Caldiero's open-ended continuity theory relies heavily on her unsubstantiated speculation that "Defendants defrauded hundreds if not thousands of other borrowers," using "common policies, practices, scripts, and procedures[.]" Opp. at 21–22. But Caldiero does not claim to have actual knowledge of any other victims, and she pleads no facts suggesting that any such policies or scripts exist. Instead, Caldiero

asks the Court to accept the inference that because she allegedly heard an oral mis-representation in the context of two phone calls with Defendants, others must have as well.

Caldiero's position is at odds with the case law, under which courts have routinely held that plaintiffs cannot establish continuity through conclusory allegations that a scheme directed at the plaintiff was also repeated with respect to other unidentified victims. *See Lickman v. Rivkin*, No. 3:05cv1793, 2006 U.S. Dist. LEXIS 41440, at *14-15 (M.D. Pa. June 21, 2006) ("Although the plaintiffs aver that the pattern of racketeering is defendants' regular way of doing business[,] we find that such a bare allegation is not sufficient. This assertion in the plaintiff's complaint is a conclusion of law and, although we accept all the complaints material allegations as true for purposes of deciding a Rule 12(b)(6) motion, we need not accept as true conclusory allegations of law."); *Katz v. Deluca*, No. 10-6401, 2024 U.S. Dist. LEXIS 87834, at *30 (E.D. Pa. May 13, 2024) ("The plaintiffs assert, based on their limited experience with the defendants, that the defendants routinely conceal their business affiliation and decline to honor insurance policies. However, '[w]here a defendant's actions are narrowly directed to a single fraudulent goal and involve a limited purpose, these actions cannot, by themselves, underpin a pattern of racketeering activity.'") (quoting *Rapid Circuits, Inc. v. Sun Nat'l Bank*, No. 10-6401, 2011 U.S. Dist. LEXIS 47231, at *25 (3d Cir. 2010)).

Caldiero pleads no concrete facts supporting her conclusion that other victims of this alleged scheme exist. She claims that such an inference is supportable based on "the nature of the fraud itself," but a plaintiff cannot simply infer a pattern based on their own individual experience. *See Goren v. New Vision Int'l*, 156 F. 3d 721, 729 (7th Cir. 1998) ("[W]e have repeatedly held that a plaintiff's conclusory allegations that 'defendants' also defrauded unidentified 'others' are not enough to plead the requisite pattern of fraud."). Further, even if Caldiero *had* alleged sufficient facts to infer that other victims exist, she certainly has not done so with sufficient particularity to satisfy Rule 9(b). *See Capital Inv. Funding, LLC*, 2015 U.S. Dist. LEXIS 24453 at *13 ("To the extent a plaintiff fails to plead fraud-based acts with the requisite level of specificity, the Court will not consider them as 'predicate acts' capable of supporting a RICO claim."). These allegations therefore cannot salvage her failure to plead a pattern of predicate acts.

> **2.    The only acts that can satisfy the causation standard occurred within too short a period to establish closed-ended continuity.**

To establish closed-ended continuity, Caldiero must aver "a series of related predicates extending over a substantial period of time," which requires more than a few months. *H.J., Inc.*, 492 U.S. at 242. These predicate acts must be "a 'but for' cause of [Plaintiff's] injury," as well as the "proximate cause." *Hemi Group, LLC*, 559 U.S. at 9 (2010). Here, although Caldiero contends the scheme at issue lasted

for six years, Opp. at 23, she ignores the causation requirement. As detailed above, acts that postdated her 2018 refinancing cannot have caused her injury, and therefore are irrelevant to the continuity analysis. As a result, Caldiero has failed to plead the continuity required for a RICO conspiracy claim.

## III.   CONCLUSION

For the foregoing reasons, the Court should grant MOHELA's motion to dismiss based on failure to plead fraud-based claims with particularity under Rule 9(b), and failure to plead each of her claims under Rule 12(b)(6).

Respectfully submitted,

Date:  June 21, 2024

*/s/ Thomas F. Burke*
Thomas F. Burke
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
T: 215.665.8500
burket@ballardspahr.com

Matthew D. Guletz (*admitted pro hac vice*)
**THOMPSON COBURN LLP**
  mguletz@thompsoncoburn.com
One US Bank Plaza
St. Louis, MO 63101
Telephone: 314-552-6000

*Counsel for Defendant Higher Education Loan Authority of the State of Missouri*

## STATEMENT PURSUANT TO LOCAL RULE 7.8

I hereby certify pursuant to Local Rule 7.8(b)(2) that the total number of words in this brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of citation, proof of service, and this Statement is 3,665.

Dated: June 21, 2024

*/s/ Thomas F. Burke*
Thomas F. Burke
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
T: 215.665.8500
burket@ballardspahr.com

*Counsel for Defendant Higher Educa-*
*tion Loan Authority of the State of Mis-*
*souri*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this June 21, 2024, I caused a true and correct copy of the foregoing Reply Memorandum in Support of MOHELA's Motion to Dismiss to be served on all counsel of record via the Court's ECF system, and such documents are available for viewing and downloading therefrom.

*/s/ Thomas F. Burke*_____
Thomas F. Burke
